561 P.2d 479

**NEW MEXICO EMPLOYMENT BUREAU, INC., a New Mexico Corporation, Plaintiff-Appellant,**

v.

**Thomas F. BRODERICK, Defendant-Appellee.**

**No. 11139.**

Supreme Court of New Mexico.

March 21, 1977.

**3.** 28 U.S.C. § 1360 (1970).

**4.** 25 U.S.C. §§ 1321 and 1322 (1970).

**5.** 25 U.S.C. §§ 331–34 (1970).

Paul P. Shwartz, Jon T. Kwako, Albuquerque, for plaintiff-appellant.

James E. Womack, Albuquerque, for defendant-appellee.

## OPINION

SOSA, Justice.

Plaintiff New Mexico Employment Bureau, Inc. (Bureau) brought an action against defendant Thomas Broderick (Broderick) for the collection of fees pursuant to a contract. The trial court found for the defendant. Plaintiff appeals.

On August 12, 1975, the Bureau and Broderick entered into a written contract whereby if the Bureau found or produced a lead to employment for Broderick and Broderick accepted that employment, Broderick would pay a service charge based upon a percentage of his gross yearly earnings. Broderick was referred to Harold K. Axness, a certified public accountant, who hired Broderick as an accountant on October 1, 1975. On October 27, 1975, Broderick became a general partner in a newly formed certified public accounting firm of Axness & Co., agreeing to pay Harold Axness approximately $37,500 for an undivided one-half interest in the partnership. On October 29, 1975, Broderick sent a letter to the Bureau, tendering $266.18 (20% of his gross earnings, $1087.40, plus 4% sales tax). The Bureau argued to the trial court that it had procured Broderick's employment, which was not terminated by forming the partnership, and thus it was entitled to the scheduled percentage of Broderick's income for the first twelve months of employment. The trial court rejected this argument and held that under the contract Broderick only owed the Bureau $266.18.

On appeal, the Bureau argues that it is entitled to a percentage of Broderick's income from the partnership. The contract had *inter alia* the following provisions:

A.  PERMANENT EMPLOYMENT is 30 days or more (See terms above).

B.  TEMPORARY EMPLOYMENT IS LESS THAN 30 DAYS. For temporary employment the Service Charge shall be 20% of the gross earned, either for any period of employment stated to be temporary in this contract, or for any period of employment terminating for any reason within thirty (30) days of the date of employment.

Broderick clearly was employed temporarily for twenty-seven days. The issue is whether Broderick, by forming a partnership with his former employer, is considered to be employed as defined by the contract or as defined by the Employment Agency Act

(Act), § 67–38–1 et seq., N.M.S.A.1953, and thus had to pay the Bureau part of his earnings from the partnership, or whether he had terminated his employment and thus was not liable for more than 20% of his earnings during the 27 days.

By becoming a partner in the partnership Broderick essentially has changed his status from employee to employer.[1] The Bureau argues that since it (1) directly procured Broderick's employment which later lead to the partnership and since (2) the nature of his employment has not changed (it still is accounting), although he may have changed his position or status in his employment field, it is entitled to a percentage of his share of the partnership earnings. The contract did not provide for this contingency and no part thereof can reasonably be interpreted to cover the facts of this case. The Act does not elucidate this matter either. We hold Broderick was no longer an employee and thus is not liable to the Bureau for additional payments.

The trial court is affirmed.

OMAN, C. J., and PAYNE, J., concur.